J-S31036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANGEL LUIS VALENTINE | : | |
| | : | |
| Appellant | : | No. 2086 EDA 2021 |

Appeal from the PCRA Order Entered September 8, 2021
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0002515-2018,
CP-15-CR-0003465-2018

BEFORE: BOWES, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED OCTOBER 18, 2022**

Angel L. Valentine ("Appellant") appeals from the Orders entered in the Court of Common Pleas of Chester County dismissing his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546 as untimely. Appellant contends that his second PCRA was not untimely. We vacate and remand for further proceedings.

The PCRA court provides a salient Rule 1925(a) opinion setting forth the following facts and procedural history:

> On April 12, 2019, Appellant entered into a negotiated plea agreement in the above-captioned matters. On Term CR-2515-2018, Appellant pleaded guilty to one count of Possession With Intent to Deliver ("PWID") (35 Pa.C.S.A. § 780-113(a)(3)). In accordance with the negotiated plea agreement, the court sentenced Appellant to 5-10 years of state incarceration. On Term

---

[*] Former Justice specially assigned to the Superior Court.

CR-3465-2018, Appellant pleaded guilty to two counts of [ ] PWID . . . . In accordance with the negotiated plea agreement, the court sentenced Appellant to 3-6 years of state incarceration on the first count of PWID consecutive to the sentence on Term CR-2515-2018 and an additional 3-6 years of state incarceration on the second count of PWID, to run concurrently to the first count of PWID. (See Sentencing Sheet 04/12/19; Guilty Plea Colloquy, 04/12/19).

Appellant was represented by [counsel] in both matters. No post-sentence motion was filed within 10 days after the sentencing hearing, and no appeal was filed on or before May 12, 2019, 30 days after the sentencing hearing. However, Appellant filed an untimely pro se Motion to Modify Sentence on both matters on May 15, 2019 (See Motion to Modify, 05/15/19, p.1), and the motion was denied on May 23, 2019. No appeal was filed.

On June 2, 2020 Appellant filed his 1st PCRA Petition in both matters. PCRA counsel was appointed on June 8, 2020. On July 14, 2020, after deciding that Appellant's PCRA Petition in both matters was untimely, PCRA counsel sent Appellant a Finley letter pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). After a review of the record and the pertinent PA Supreme Court Judicial Emergency Orders related to Covid-19, [the PCRA Court] also found that Appellant's PCRA Petition in both matters was untimely.

A Notice of Dismissal of Appellant's 1st PCRA Petition was forwarded to Appellant on August 12, 2020. In our Notice of Dismissal, [the PCRA Court] noted that the appeal period was not tolled by Appellant's late filing of his motion to modify sentence. (See Pa.R.Crim.P. 720(A)(3)). Thus, for purposes of determining the timeliness of the 1st PCRA Petition, [the PCRA Court] found Appellant's petition in both matters was due on or before May 12, 2020 and his June 2, 2020 filing was untimely. Consequently, [the PCRA Court] lacked jurisdiction to review his claims on the merits.

On August 27, 2020, Appellant filed a "Motion for Extension of Time" on Term CR-3465-2018 only. [the PCRA Court] accepted this motion as Appellant's objection to our notice of dismissal because the relief requested was for the court to reconsider its determination that the 1st PCRA Petition was untimely. There was no request to extend the period to file objections. Having addressed the Covid-19 restrictions in our Notice to Dismiss, and Appellant offering no new information, [the PCRA Court] dismissed

Appellant's 1st PCRA Petition on Term CR-3465-2018 on September 25, 2020. Appellant did not file an appeal of either order.

On October 5, 2020 Appellant filed another motion titled "Motion for Extension of Time." In this motion, Appellant again stated the 1st PCRA should be considered timely due to the impact of Covid-19 restrictions. [the PCRA Court] found that Appellant's second "Motion for Extension of Time" filed October 5, 2020 was moot as the petitions were already denied.

On March 3, 2021, Appellant filed correspondence stating that he wished to "resubmit" his 1st PCRA Petition on both matters. [the PCRA Court] considered this filing as Appellant's 2nd PCRA Petition in each case. On June 16, 2021, [the PCRA Court] sent Appellant Notices of Dismissal. On July 21, 2021, Appellant filed objections to the dismissals arguing that it was error for the court to determine that his 1st and 2nd PCRA Petitions were untimely amid the COVID-19 restrictions at the prison.

On September 8, 2021, after considering Appellant's objection, we dismissed his 2nd PCRA [Petition] on both matters as untimely. Appellant filed a timely appeal on October 7, 2021. The [PCRA] court did not forward an Order pursuant to Pa.R.A.P1925(b)(1) because it is clear from the record that the only issue raided by Appellant for purposes of appeal is the court's prior determination that his 2nd PCRA Petition was found to be untimely.

Pa.R.A.P. 1925(a) Opinion, at 1-4.

Appellant raises the following issue in his *pro se* brief:

1. Did the PCRA Court fail to properly apply the Pennsylvania Superior Court's Emergency Order (a response to [the] Covid-19 pandemic) in deciding the deadline of petitioner's statute of limitations calculation for filing a PCRA petition?

2. Did the PCRA Court faile [sic] to consider the "Prisoner[] Mailbox Rule" in petitioner's first PCRA justifying the filing of a second *nunc pro tunc* petition which was deemed untimely?

3. Did the PCRA Court err in concluding that Mr. Valentine's second PCRA petition was not a timely first PCRA because initial PCRA counsel failed to file an amended petition?

*Pro Se* Brief for Appellant, at 1-2 (verbatim).

As a prefatory matter, we note that Appellant's case includes two docket numbers and two corresponding orders denying his second PCRA petition. Appellant, however, filed only one notice of appeal, listing both docket numbers. This erroneous action violates **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), and would normally require quashal.[1]

Our Court in **Commonwealth v. Stansbury**, 219 A.3d 157 (Pa. Super. 2019), however, identified an exception. If the actions of the PCRA court "amount to a breakdown in court operations ... we may overlook the defective nature of [a]ppellant's timely notice of appeal rather than quash[.]" **Id**. at 160 (addressing the situation where a PCRA court's order describes an appellant's right to file "a notice of appeal" instead of the plural "notices" when the case involves more than one docket number). Stated otherwise, if there is misinformation presented to a defendant or if the court misleads a defendant as to his or her appellate rights, this Court may overlook the strict dictates of **Walker**. **See Commonwealth v. Larkin**, 235 A.3d 350, 354 (Pa. Super. 2020) (*en banc*).

_____

[1] Although **Walker** dealt with a singular appeal from one order encompassing distinct docket numbers, our Supreme Court reinforced the notion that when "one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeals must be filed." 185 A.3d at 976 (identifying and endorsing the "bright-line mandatory instruction to practitioners" contained within Pa.R.A.P. 341's Official Comment).

Here, as occurred in **Stansbury**, the PCRA court's dismissal orders stated to Appellant, who was acting *pro se*, that he had 30 days to file "an appeal," and that he must file "a Notice of Appeal" in the trial court. PCRA Court Orders, 9/8/21, at 1 (emphasis added). In light of pertinent authority discussed above, we find the trial court's instruction sufficiently misleading under the circumstances to implicate a recognized exception to quashal under **Walker**.

Our standard of review is well-settled. "When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa. Super. 2020) (citation omitted).

Timeliness is a jurisdictional prerequisite to obtaining PCRA relief. For a petition to be considered timely, the petitioner must either file it within one year of the date the judgment of sentence became final or plead and prove a statutory exception to the one-year requirement. **Id.**; 42 Pa.C.S.A. § 9545(b).

In the present case, Appellant's judgment of sentence became final on May 12, 2019, and his current, second PCRA petition was filed more than one year later, on March 3, 2021. Thus, the present petition is facially untimely under Section 9545(b)(1).

We are unable to ignore, however, the misinformation inadvertently supplied by the trial court to a *pro se* Appellant regarding his appeal rights

following the dismissal of his post-sentence motion. Specifically, the trial court's May 23, 2019, order denying Appellant's untimely "Motion for Sentence Modification" expressly advised him that he had "the right to file an appeal of this decision within 30 days of the entry of this Order" and that he had "the right to the assistance of counsel in the preparation of the appeal." Trial Court Order, 5/23/19.

By such advisement, the trial court incorrectly purported that Appellant possessed the right to file a direct appeal for the next 30 days, when, in fact, the time to file his direct appeal already had elapsed on May 12, 2019, after he had not filed, as of that date, either a timely post-sentence motion or a direct appeal from the trial court's April 12, 2019, sentencing order.[2]

Because of the trial court's erroneous advisement, it was reasonable for Appellant to believe both that the applicable 30-day direct appeal period would expire on Monday, June 24, 2019, and, if no direct appeal were filed, that the one-year period in which to file a timely PCRA petition would commence on June 25, 2019, and expire on June 25, 2020. Furthermore, nothing in the

_____

[2] An untimely post-sentence motion does not toll the appeal period. **Commonwealth v. Green**, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*) ("[T]he time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion."). Absent a timely post-sentence motion, the imposition of sentence remains the triggering date for an appeal. **Commonwealth v. Dreves**, 839 A.2d 1122, 1127 (Pa. Super. 2003) (*en banc*).

record suggests that Appellant learned during the relevant period that the court's advisement was erroneous.

Therefore, as Appellant filed his first PCRA petition no later than June 2, 2020, which was within the trial court's purported timeline, we excuse the technical untimeliness of Appellant's first PCRA petition. **_See Commonwealth v. Patterson_**, 940 A.2d 493 (Pa. Super. 2007) (excusing untimely filing of appeal where trial court failed to advise defendant of the truncated appellate period remaining after the denial of defendant's untimely post-sentence motion).[3] **_See also Commonwealth v. Smith_**, 181 A.3d 1168, 1173 n.2 (Pa. Super. 2018) (holding a PCRA court's missteps that thwart a petitioner's ability to advance claims in a timely manner may meet the governmental interference exception).

Despite this record, appointed counsel in Appellant's first PCRA petition failed to file an amended petition on Appellant's behalf and, instead, filed a petition to withdraw that declared Appellant's petition untimely and ineligible

---

[3] Pennsylvania Rule of Criminal Procedure 720(B)(4)(a) states, in relevant part,

> An order denying a post-sentence motion . . . _shall_ include notice to the defendant of the following:
>
> > (a) The right to appeal and the time limits within which the appeal must be filed;
> >
> > . . . .

Pa.R.A.P. 720(B)(4)(a) (emphasis added).

- 7 -

for any exception to the statutory time-bar. Agreeing with appointed counsel's assessment, the PCRA court entered an order granting counsel's petition to withdraw and dismissing Appellant's first PCRA petition on the basis of untimeliness.

The undisputed record, therefore, presents a breakdown in the judicial system as it pertained to Appellant's appeal rights while he was still within the PCRA appeal period. ***Patterson***, ***supra***. ***See also Commonwealth v. Braykovich***, 664 A.2d 133, 136 (Pa. Super. 1995) (recognizing that extension of filing period or allowance of an appeal *nunc pro tunc* will be permitted under extraordinary circumstances, including a breakdown in the process of the court). As such, we reinstate Appellant's right to file a first PCRA petition *nunc pro tunc* and remand the present matter to the PCRA court, which shall regard Appellant's present *pro se* petition as his first and appoint counsel to file an amended petition accordingly.

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2022

- 8 -